UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x Ind. No.
ASIA NELSON,

                Plaintiff,

v.

PENN BURGERS LLC d/b/a CHECKERS,

                Defendant.
----------------------------------------------------------------x

1. Plaintiff, Asia Nelson, (hereinafter "Plaintiff") by her attorneys, SLATER SLATER SCHULMAN LLP, hereby complains of Defendant, upon information and belief, as follows:

## NATURE OF ACTION

2. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), New York State Executive Law §296, et seq. ("NYSHRL"), and the New York City Human Rights laws. Plaintiff seeks damages to redress the injuries she suffered as a result of discrimination based gender/sex discrimination, retaliation, hostile work environment, and wrongful termination/constructive discharge.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State and City causes of action.

4. This action's venue properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because venue is proper in this District based upon Defendant's place of business being within Kings County, State of New York, within the Eastern District of New York. 28 U.S.C.§1391 (b).

5. On or around July 28, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

6. On or about July 24, 2023, the EEOC found reasonable cause to believe that Defendant employer subjected the Plaintiff, and a class of other female employees employed at its Penn Burger location to a hostile work environment because of their sex, in violation of Title VII.

7. On or about December 2, 2024, Plaintiff received the Notice of Right to Sue from the EEOC.

8. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Notice of Right to Sue from the EEOC.

## PARTIES

9. Asia Nelson (hereinafter "Plaintiff") is a single female who resides in Kings County, New York.

10. Plaintiff was a covered employee within the meaning of Title VII of the Civil Rights Act New York Executive Law §290 et seq. ("NYSHRL"), and the New York City Administrative Code Title 8.

11. PENN BURGERS LLC d/b/a Checkers (hereinafter "Defendant" or "Defendants") employed Plaintiff from around August 2020 until May 21, 2021.

12. That at all times herein mentioned, Defendant Penn Burgers LLC d/b/a Checkers ("Checkers") was and still is a domestic business corporation organized and existing by virtue of the laws of the State of New York.

13. Defendant is a covered employer within the meaning of Title VII of the Civil Rights Act and New York Executive Law §290 et seq. and the New York City Administrative Code Title 8 and at all relevant times, employed Plaintiff.

## FACTS

14. At all times relevant Ms. Nelson ("Plaintiff") resided in Kings County and is an individual female.

15. Defendant employer hired Plaintiff in or around August 2020 as a cashier.

16. Defendant did not provide Plaintiff with any sexual harassment training at the time of hire.

17. Defendant did not provide Plaintiff with an employee handbook at the time of hire.

18. At first, Plaintiff worked at Defendant employer without issue.

19. On or about January 2020, Jetendra Shrestha ("Shrestha") started working at Defendant employer as the General Manager.

20. Defendant's General Manager, Shrestha was Plaintiff's direct supervisor and had hire and fire authority over Plaintiff.

21. Plaintiff began to experience the hostile work environment about 2-3 months after Defendant's General Manager, Shrestha's hiring.

22. Defendant's General Manager Shrestha frequently leered and stared at Plaintiff in a sexual manner that made Plaintiff feel uncomfortable.

23. Defendant's General Manager Shrestha frequently made comments about Plaintiff's appearance including "You look nice for your age" and "You look very pretty."

24. Defendant's General Manager Shrestha never treated male staff in this manner.

25. On or about March 2021 Plaintiff was scheduled to work the night shift with Defendant's managers Jeetu (Last Name Unknown), Nylica (Last Name Unknown), "KP" (Last Name Unknown), and coworker Dynasty.

26. During this night shift Defendant's General Manager, Shrestha, asked the staff "[Plaintiff] is sexy, right?"

27. Plaintiff felt extremely awkward and uncomfortable.

28. Defendant's General Manager, Shrestha, asked the staff on shift if they thought Plaintiff was sexy at least three times.

29. As such, Defendant had knowledge about the sexual harassment, sexual discrimination, and hostile work environment at Defendant restaurant.

30. Defendant's General Manager Shrestha never treated male staff in this manner.

31. On another occasion, Plaintiff came to work with a new hairstyle.

32. Defendant's General Manager Shrestha commented on Plaintiff's new hair and appearance and stated "I like your hair like that. Keep it like that."

33. Defendant's General Manager Shrestha also commented about Plaintiff's race and physical appearance.

34. Defendant's General Manager Shrestha told Plaintiff "Black women are pretty," "I wish I had a nice black girl like [Plaintiff]."

35. Defendant's General Manager Shrestha never treated male staff in this manner.

36. The harassment did not stop.

37. Defendant's General Manager Shrestha also inappropriately touched Plaintiff.

4

38. Defendant's General Manager Shrestha would try to lean on Plaintiff and frequently touched her arm.

39. On or about May 11, 2021, Defendant's General Manager, Shrestha, requested to meet with Plaintiff in the back of the restaurant.

40. Defendant's General Manager Shrestha asked Plaintiff how she felt the store could be doing better.

41. Plaintiff responded that she thought the morning staff could prepare things better for the afternoon staff.

42. Defendant's General Manager Shrestha , offended, responded that he was responsible for the morning staff and further interrogated Plaintiff about what she meant.

43. Feeling uncomfortable, Plaintiff turned to return to her shift. Then, Defendant's General Manager Shrestha aggressively grabbed her arm and demanded multiple times that Plaintiff "stay right here".

44. Plaintiff felt extremely upset that Defendant's General Manager Shrestha thought it was appropriate to put his hands on her.

45. Defendant's General Manager Shrestha never treated male staff in this manner.

46. The harassment did not stop.

47. Defendant's General Manager Jeetu would make a harassing comment nearly every time they shared a shift together.

48. Less than a week after this incident, on or about May 16, 2021, Plaintiff was working with Defendant's manager, Nylcia (Last Name Unknown) and a co-worker, Omar (Last Name Unknown).

49. Plaintiff, Nylcia (Last Name Unknown), and Omar (Last Name Unknown) were working in the front of the restaurant when Omar (Last Name Unknown) started harassing Plaintiff saying "[Plaintiff], let me be with you," "Can I get a hug?" and "Let's go in the back" insinuating that they should engage in sexual activity at the back of the restaurant.

50. Defendant's manager, Nylcia (Last Name Unknown), overheard Omar's (Last Name Unknown) comments and responded, "You're being creepy," "Omar, stop," and "Calm down."

51. As such, Defendant had knowledge about the sexual harassment, sexual discrimination, and hostile work environment at Defendant restaurant.

52. The harassment, however, did not stop.

53. Plaintiff then proceeded to go to the back of the restaurant to fill up water.

54. Omar (Last Name Unknown) followed Plaintiff to the back of the restaurant where he proceeded to touch and hug Plaintiff.

55. Plaintiff, uncomfortable and upset, pushed Omar (Last Name Unknown) away.

56. The harassment did not stop.

57. The next day, on or about May 17, 2021, Defendant's co-worker, Omar (Last Name Unknown) attempted to hug Plaintiff, but Plaintiff pulled away.

58. Plaintiff felt confused, scared, and mad when Omar (Last Name Unknown) tried to hug her.

59. As a result of the hostile work environment and harassment, on or about May 25, 2021, Plaintiff was forced to resign from her position.

60. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

61. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

62. Plaintiff has further experienced severe emotional and physical distress.

63. Upon information and belief, the discrimination will continue after the date of this complaint and Plaintiff hereby makes a claim for all continuing future harassment.

64. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against the Defendant.

65. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

66. The above are just some examples, of some of the discrimination to which Defendant subjected Plaintiff.

67. Defendant exhibited a pattern and practice of discrimination.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW
*Not Against Individual Defendant*

68. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein. 104. Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act, 42. U.S.C. § 2000e(f).

69. At all relevant times, Defendant employed in excess of fifteen (15) employees and was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. §2000e(b).

70. Pursuant to Title VII, 42 U.S.C. § 2000e-2(a) it is unlawful for an employer to discriminate against an employee because of such employee's gender/sex.

71. Defendant violated Plaintiff's rights afforded by Title VII when Defendant discriminated against Plaintiff because of her gender. Defendant created and maintained a hostile work environment, conducive to sexual harrasment and discrimination based on gender/sex and were it not for Plaintiff's gender, Defendant would not have discriminated against Plaintiff.

72. Defendant's unlawful acts were intentional, willful, malicious, and in violation of Plaintiff's rights afforded by Title VII.

73. As a result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer damages, in form including, but not limited to, lost income, bonuses, lost future earnings and other future pecuniary losses, severe emotional distress, mental anguish, humiliation, loss of enjoyment of life, pain and suffering, and other non-pecuniary losses.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**
*Against Corporate and Individual Defendant*

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. New York State Executive Law §296 provides that "it shall be an unlawful discriminatory practice for an employer or licensing agency, because of the age, race,

creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

76. Defendant engaged in unlawful discriminatory employment practice when they discriminated against Plaintiff based on her gender/sex and created and maintained a hostile work environment. Were it not for Plaintiff's gender/sex, Defendant would not have subjected Plaintiff to sexual harassment and a hostile work environment.

77. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of New York State Executive Law §296.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER CITY LAW
*Against Corporate Defendant*

78. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

79. The Administrative Code of City of NY § 8-107 [4] provides that " Employment. It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or immigration or citizenship status of any person: To represent that any employment or position is not available when in fact it is available; To refuse to hire or employ or to bar or to discharge from employment such person; or To discriminate against such person in compensation or in terms, conditions or privileges of employment.

80. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(4) by creating and maintaining discriminatory conditions, and otherwise discriminating against the Plaintiff because of her gender/sex.

81. Defendant subjected Plaintiff to sexual harassment and a hostile work environment based on her gender. 130. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A FOURTH CAUSE OF ACTION
## FOR SUPERVISOR LIABILITY UNDER CITY LAW
*Against Corporate Defendant*

82. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides: "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: the employee or agent exercised managerial or supervisory responsibility; or the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

83. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107 (13).

84. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of New York City Administrative Code Title 8.

**WHEREFORE**, Plaintiff seeks a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964 and New York State Executive Law §296, et seq. by discriminating against Plaintiff based on her gender/sex and retaliating against Plaintiff in response to her protected complaints of such discrimination;

B. Making Plaintiff "whole" for the losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering;

D. Awarding Plaintiff attorney's fees, costs and expenses incurred in the prosecution of the action;

E. Awarding Plaintiff lost wages, back wages, lost future earnings, compensatory damages, and punitive damages;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury.

Dated: Melville, New York
February 03, 2025

Respectfully submitted,

SLATER SLATER SCHULMAN LLP

*John C. Luke, Jr.*
John C. Luke, Jr.
445 Broadhollow Road, Suite 419
Melville, New York 11747
*Attorneys for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.