# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

April 10, 2025

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Steven I. Locke, U.S.M.J.
100 Federal Plaza
Courtroom 820
Central Islip, NY 11722

> Re:   **Nelson v. Penn Burgers LLC d/b/a Checkers**
>        <u>**Case No.: 2:25-cv-588 (SIL)**</u>

Dear Judge Locke:

This firm represents the Defendant in the above-referenced case.  The Defendant writes to respectfully request a pre-motion conference[1] in anticipation of its motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule").  The basis for the motion is set forth below.

<u>**Relevant Factual Background**</u>

Plaintiff commenced this action against Defendant on February 3, 2025 alleging gender/sex discrimination, hostile work environment, retaliation, and "wrongful termination/constructive discharge" claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

Plaintiff's complaint consists of allegations that Defendant's general manager: (i) "frequently leered and stared at Plaintiff in a sexual manner that made Plaintiff feel uncomfortable;" (ii) "frequently made comments about Plaintiff's appearance including '[y]ou look nice for your age' and '[y]ou look very pretty;'" (iii) asked other staff members about whether Plaintiff is "sexy" at least three (3) times; (iv) told Plaintiff "I like your hair like that. Keep it like that;" (v) told Plaintiff "Black women are pretty" and "I wish I had a nice black girl like [Plaintiff];" (vi) inappropriately touched Plaintiff by trying to lean on her and frequently touching her arm; (vii) inappropriately grabbed Plaintiff's arm and told her to stay right there; and (viii) made a harassing comment nearly every time he worked a shift with Plaintiff.  <u>See</u>  ECF Docket Entry 1 ¶¶ 22-23, 25-26, 28, 32, 34, 37-38, 43, 47.  Separately, Plaintiff alleges that an individual named Omar: (i) said to Plaintiff "let me be with you," "Can I get a hug?" and "Let's go in the back;" (ii) followed Plaintiff, then touched and hugged her; and (iii) attempted  to hug Plaintiff. <u>Id.</u> at ¶¶ 49, 54.  Plaintiff quit her job as a result.  <u>Id.</u> at ¶ 59.

---

[1] The Individual Rules provide that all dispositive motions are to be made to the District Judge; however, pursuant to Administrative Order 2023-23, no District Judge has yet been assigned.  As such, the Defendant submits this letter motion as is required by virtually every District Judge in this Court.

## Plaintiff's Discrimination Claims Fail as a Matter of Law

Plaintiff fails to establish a *prima facie* case of discrimination because, among other things, she fails to plead she was qualified for her position, suffered any adverse employment action, and that her separation from employment occurred under circumstances giving rise to an inference of discrimination. See Saraf v. West Publishing Corp., 2018 WL 7107266, at *3 (S.D.N.Y. Dec. 20, 2018) ("To set forth a *prima facie* case of discrimination, a plaintiff must show (1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination").

The allegations in the complaint are barren as to the existence of Plaintiff's qualifications. Further, Plaintiff fails to plead the existence of any adverse employment action. She admits in her pleadings that she quit, which does not constitute an adverse employment action. See Salen v. Blackburn Bldg. Servs., LLC, No. 3:14-CV-01361 (VAB), 2017 WL 71708, at *16 (D. Conn. Jan. 6, 2017) ("While a defendant's termination of an employee would constitute an 'adverse employment action,' a defendant's termination of an employee who has resigned does not") (quoting Davis v. Koffee Kup Bakery, Inc., No. 2:15-cv-152 (CR), 2016 WL 4411399, at *6 (D. Vt. Aug. 18, 2016); Davis, 2016 WL 4411399, at *6 ("Where an employee voluntarily quits, there is no adverse employment action") (citation omitted); see also Cadet v. Deutsche Bank Sec. Inc., No. 11 Civ. 7964 (CM), 2013 WL 3090690, at *11 (S.D.N.Y. June 18, 2013) ("A voluntary resignation does not constitute an adverse employment action").

The conclusory assertion that Plaintiff was constructively discharged does not save her complaint from dismissal. In order to adequately plead a constructive discharge, a plaintiff must plausibly allege that the employer "deliberately created working conditions so intolerable, difficult, or unpleasant that a reasonable person would have felt compelled to resign." See Tulino v. Ali, No. 15-CIV.-7106, 2019 WL 1447134, at *3 (S.D.N.Y. Feb. 27, 2019) (quoting Short v. Deutsche Bank Sec., Inc., 913 N.Y.S. 2d 64, 66 (1st Dept. 2010)). A plaintiff must allege that Defendants' treatment rose to the level of intolerability. See La Porta v. Alacra, Inc., 142 A.D. 3d 851, 852-53 (1st Dept. 2016). Crucially, the plaintiff must show that a reasonable person would have "had no alternative but to resign." See Spence v. Maryland Cas. Co., 995 F.2d 1147, 1157 (2d Cir. 1993) (finding no constructive discharge because plaintiff could have lodged complaint to human resources rather than resigning). Indeed, intolerability requires an even higher threshold than a claim of a hostile work environment. See Gaffney v. City of New York, 101 A.D. 3d 410, 411 (1st Dept. 2012). Here, Plaintiff cannot remotely meet the standard of intolerability necessary to plead a constructive discharge. This is because her complaint fails to reference one instance in which she reported the alleged conduct of the general manager and/or Omar to the Defendant.

## Plaintiff's Hostile Work Environment Claims Fail as a Matter of Law

Similarly, the allegations does not rise to the level of severity and pervasiveness required to constitute a hostile work environment under the law. Courts have routinely dismissed cases with far more egregious facts for failure to state a claim. See, e.g., Redd v. N.Y. Div. of Parole, 678 F.3d 166, 177 (2d Cir. 2012) ("even more intimate or more crude physical acts—a hand on the thigh, a kiss on the lips, a pinch of the buttocks—may be considered insufficiently abusive to

be described as 'severe' when they occur in isolation."); <u>Li v. Educational Broadcasting Corp.</u>, Index No. 115948/2010, 2011 N.Y. Misc. LEXIS 3522, at *14-15 (N.Y. Sup. Ct. June 30, 2011) (dismissing hostile work environment claim under the NYCHRL (which at the time of the alleged conduct in this case had a lower standard than the NYSHRL), where co-worker stroked plaintiff's arm and said "Asian skin is so soft" and "you love it when a hot guy like me touches you," and, on a later occasion, grabbed plaintiff's buttocks); <u>Ellis v. City of New York</u>, No. 08-CIV.-6705 (DAB), 2011 U.S. Dist. LEXIS 84104, at *24-25 (S.D.N.Y. July 28, 2011) (dismissing hostile work environment claim under the NYCHRL where supervisor sniffed then kissed plaintiff's hand, asked her if her husband was "big like him," and asked her to dinner); <u>Magnoni v. Smith & Laquercia, LLP</u>, 701 F. Supp. 2d 497, 505-06 (S.D.N.Y. 2010) (finding that plaintiff's uncorroborated testimony of daily sexual harassment by plaintiff's supervisor along with admissions by plaintiff's supervisor that he told plaintiff explicit details of his sex life, called her "voluptuous," and touched her knees on occasion was not enough to constitute a hostile work environment under the NYCHRL); <u>Hernandez v. Kaisman</u>, Index No. 104989/2007, 2011 N.Y. Misc. LEXIS 2120, at *25 (N.Y. Sup. Ct. Apr. 13, 2011) (dismissing hostile work environment claim under the NYCHRL where defendant sent sexually explicit emails to the office, walked around in his underwear, discussed his sex life with plaintiffs, and had female visitors to his office after hours). Because the foregoing cases contained allegations with substantially more egregious conduct than the alleged incidents here, and were analyzed under the broader NYCHRL, the hostile work environment claims fail.

## <u>Plaintiff's Retaliation Claims Fail as a Matter of Law</u>

Moving to the retaliation claim, although Plaintiff pleads that she pursues such a claim, the pleadings are bereft of any allegation that she complained to anyone. Because Plaintiff cannot establish that she engaged in protected activity, her causes of action for retaliation fails to state a claim upon which relief can be granted. <u>See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.</u>, 716 F.3d 10, 14 (2d Cir. 2013) (*per curiam*) (quoting <u>Lore v. City of Syracuse</u>, 670 F.3d 127, 157 (2d Cir. 2012)) (holding that in order to establish a prima facie case of retaliation, a plaintiff must provide evidence that "(1) she engaged in protected activity; (2) the employer was aware of this activity; (3) the employee suffered a materially adverse employment action; and (4) there was a causal connection between the alleged adverse action and the protected activity").

## <u>Plaintiff's "Wrongful Discharge" Claims Fail as a Matter of Law</u>

Finally, Plaintiff's wrongful discharge claim is nonsensical. There is no recognized cause of action for "unlawful termination" outside of claims for discrimination under the law. <u>See</u>, e.g., <u>Ellison v. Chartis Claims, Inc.</u>, 178 A.D.3d 665, 668 (2d Dept. 2019) (the only case found discussing a cause of action for "unlawful termination" and analyzing same under the standards for disparate treatment and retaliation). Accordingly, dismissal of this claim is warranted as it is duplicative of Plaintiff's discrimination claim.

Based on the foregoing, Defendants respectfully submit that they should be permitted to proceed with moving for dismissal for failure to state a claim upon which relief can be granted.

Defendant thanks this Court for its time and attention to this case.

Dated:  Jamaica, New York
         April 10, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

By:   */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Penn Burgers LLC d/b/a Checkers*

**VIA ECF**
Slater Slater Schulman LLP
<u>Attn</u>: John C. Luke, Jr., Esq.
445 Broadhollow Road, Suite 419
Melville, NY 11747-3601
jluke@sssfirm.com

*Attorneys for Plaintiff*
*Asia Nelson*