# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

April 15, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James R. Cho, U.S.M.J.
225 Cadman Plaza East
Courtroom 11D South
Brooklyn, NY 11021-1804

> Re:   **Nelson v. Penn Burgers LLC d/b/a Checkers**
>        <u>**Case No.: 2:25-cv-588 (FB) (JRC)**</u>

Dear Judge Cho:

This firm represents the Defendant in the above-referenced case.  The Defendant writes to respectfully oppose Plaintiff's letter motion to compel discovery and cross-letter motion for an extension of time to respond to the Plaintiff's discovery demands.

On April 10, 2025, Defendant filed a letter motion for a pre-motion conference in anticipation of its motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").  <u>See</u> ECF Docket Entry <u>11</u>.  Plaintiff never responded to oppose Defendant's motion.

At the parties' January 27, 2026 status conference before this Court, Plaintiff sought leave to amend the complaint, to which Defendant consented.  As a result, this Court held the filing of Plaintiff's amended complaint in abeyance pending the parties' mediation.

Despite mutual efforts, the parties have been unable to schedule a mediation.  Although they selected a mediator, that mediator was unavailable within the timeframe necessary to complete mediation.  The parties have since then reached out to several mediators and are still working to mediate this case.

Notwithstanding the foregoing, on February 5, 2026, Plaintiff served via email her first request for the production of documents and first set of interrogatories.  Rule 5 does not permit service of discovery documents via email unless a party consents to same in writing.  <u>See</u> Fed. R. Civ. P. 5(b)(2)(F).  Defendant did not agree to accept service via email, let alone in writing. Plaintiff did not serve the discovery demands pursuant to any of the means permitted in Rule 5. <u>See</u> Fed. R. Civ. P. 5(b)(2)(A)-(E) (providing that service may be made by handing it to the person, leaving it at the person's office with a clerk or other person in charge or in a conspicuous place in the office (or at the person's dwelling), mailing it to the person's last known address, leaving it with the court clerk, or sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means consented to in writing).

Moreover, Plaintiff failed to include a copy of the discovery or disclosure requests as required by the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter "Local Civil Rule(s)"), and set forth the grounds on which the moving party is entitled to prevail for each request or response as required by same. See Local Civil Rule 37.1. Similarly, Plaintiff failed to include any proof of service of the discovery demands.

In light of the foregoing, Defendant respectfully submits that this Court should deny Plaintiff's motion until such time that she properly serves the discovery demands and hold discovery in abeyance, which is consistent with the January 27, 2026 Order holding Plaintiff's filing of an amended complaint in abeyance, pending mediation. Alternatively, and at a minimum, this Court should deny Plaintiff's letter motion without prejudice to renew upon properly: (i) serving her discovery demands; (ii) meeting-and-conferring[1] with Defendant; and (iii) to the extent any such meet-and-confer does not resolve the Plaintiff's dispute, setting forth verbatim any discovery requests and the grounds on which she is entitled to prevail of reach request or response in compliance with the Local Civil Rules.

Defendant thanks this Court for its time and attention to this case.

Dated: Jamaica, New York
      April 15, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Penn Burgers LLC d/b/a Checkers*

**VIA ECF**
All counsel of record[2]

---

[1] Plaintiff did reach out to your undersigned to meet-and-confer on March 25, 2026 and April 6, 2026. On March 25, 2026, your undersigned was conducting the deposition of non-party Thomas Jones, CPA in the matter of Superb Motors Inc, *et al.* v. Deo, *et al.*; Case No.: 2:23-cv-6188 (JMW). On April 6, 2026, your undersigned was preparing with his client for his deposition in the matter of Bush v. EZ Advocates, *et ano.*; Case No.: 8:25-cv-1375 (KKM) (TGW) pending in the United States District Court for the Middle District of Florida, Tampa Division.

[2] Attorney John C. Luke, Jr., Esq. appears by and through Slater Slater Schulman LLP ("Slater") while Corey Weisfeld, Esq. appears by and through Abrams Fensterman LLP ("Abrams"). It is unclear whether Plaintiff is represented by both firms or if Luke has moved to Abrams.